***********
This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Bost, along with the briefs and arguments on appeal. The appealing party has shown good ground to amend the prior Opinion and Award. Accordingly, the Full Commission REVERSES the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
Plaintiff has not brought a cause of action in this matter under N.C.G.S. 115C-338.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act and that the parties are properly before the Commission, and the Commission has jurisdiction of the parties and the subject matter.
2. That an employee/employer relationship existed between the plaintiff and the defendant/employer, and that the defendant/employer self-insured.
3. That the date of the alleged injury in this matter is January 26, 1998.
4. That the employee's average weekly wage in this matter was $719.17 generating a compensation rate of $479.47.
5. That the parties stipulated to Defendant's Exhibit 1, which showed $17,781.64, paid to the plaintiff in short-term disability. The parties agreed that, if compensation were awarded in this matter, the employer would receive credit, under G.S. § 97-42, for this amount paid against any compensation owed.
6. That the employee was out of work from February 2, 1998 until May 3, 1999, at which time she returned to employment as a teacher with the defendant at the same wage. The employee is claiming to be eligible for temporary total disability benefits for that period of time, based upon anxiety and depression resulting from being hit with a gun by one of her students.
 ***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff was an employee of Cumberland County Schools, Fayetteville, North Carolina, beginning in the 1985-86 school year. She worked as a Criminal Justice teacher at Westover High School at the time of the injury. Prior to teaching, plaintiff had worked nine years as a Juvenile Intake Officer in the court system.
2. On Monday, January 26, 1998, plaintiff was teaching an eleven-student Criminal Justice class at Westover High school. The object of the class was to learn how to clean a M19 rifle. Officer Sandy Woodham, a safety resource officer at the school, assisted plaintiff in this class.
3. A student in that class, Cameron Longstreet, obtained a rifle to clean. While he did so, he pointed the gun at the stomach area of plaintiff, who told the student not to point the weapon at her or anyone else. The student cleaned the rifle, and presented it to plaintiff for inspection. Plaintiff noted excessive oil on the gun, and gave the student instructions and materials to remove the oil. Plaintiff went to her desk and was looking at a grade sheet when plaintiff was hit in the forehead by the rifle being handled by Cameron Longstreet. Officer Woodham did not see the incident. Plaintiff did not seek or receive medical attention for the forehead injury.
4. The employee asserted at the time of the incident, the incident was an intentional act upon the part of Cameron Longstreet. Longstreet had not caused trouble previous to this incident and Longstreet's actions shocked plaintiff. Plaintiff informed her principal, William Shipp, that it was a deliberate assault. Mr. Shipp took no action against the student.
5. On Tuesday, 27 January 1998, a student threw a wooden gun at plaintiff. Plaintiff reported this incident to William Shipp, who again took no action. When she arrived to her classroom on Wednesday, 28 January 1998, plaintiff's students booed her, cursed at her, asked why she had come to school that day, and told her to go home. Plaintiff left the room and had to have someone cover her classes for her that day. On Thursday, 29 January 1998, two assistant principles came to plaintiff's classroom and warned the students that the school would not tolerate any more problems. After the two assistant principles left, Longstreet and another student pointed their fingers at plaintiff in the shape of a gun and said "bang bang bang." Plaintiff reported the actions of these two students but nothing was done. Plaintiff was very upset to arrive to her class on Friday, 30 January 1998 and find these two students in attendance after she had reported their actions.
6. Plaintiff did not return to work after 30 January 1998. She began treating with Anne Earle, a certified clinical social worker, on 2 February 1998. Earle described plaintiff to be in "very bad shape" with "shaking, trembling, [and] crying." Earle noted that the 26 January 1998 incident was the culmination of problems she was having with students for several months. Earle diagnosed plaintiff with adjustment disorder, posttraumatic stress disorder, and anxiety. Earle recommended that plaintiff see her doctor, Dr. Lisa Jones, for medication. Dr. Jones diagnosed plaintiff with anxiety and depression and treated her with medication. From March 1998 until July 1999, plaintiff was treated by Ann Earle. In March 1999, plaintiff received an independent psychological evaluation from Dr. Verne Schmickley. Dr. Shmickley diagnosed plaintiff with depression, and with resolving stress disorder with paranoid features.
7. On 3 May 1999 plaintiff returned to work at Sherwood Park Elementary school as a Physical Education teacher at her previous rate of pay. This return to work was approved by Dr. Jones and a return to work had been recommended in March 1999 by Dr. Schmickley. Plaintiff has worked since May 1999. Since returning to work, the employee has not sought mental health treatment.
8. On 26 January 1998, plaintiff sustained a compensable injury by accident when a student hit her in the head with a rifle during class.
9. The incident of 26 January 1998 caused plaintiff's adjustment disorder, posttraumatic stress disorder, anxiety, and depression. As a result of these conditions, plaintiff was unable to work from 2 February 1998 until 3 May 1999.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 26 January 1998, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. N.C.G.S. § 97-2(6).
2. As a result of the injury by accident of 26 January 1998, plaintiff developed adjustment disorder, posttraumatic stress disorder, anxiety, and depression. Defendant is responsible for such reasonable and necessary counseling treatment rendered to plaintiff as a result, as it tended to effect a cure, give relief, or lessened the period of disability, including the treatment provided by Ann Earle, Dr. Lisa Jones, and Dr. Verne Shmickley. N.C.G.S. §§ 97-2(19), 97-25.
3. Due to the psychological conditions suffered by plaintiff following the 26 January 1998 injury by accident, plaintiff was unable earn wages in any employment from 2 February 1998 through 3 May 1999 and plaintiff is entitled to total disability compensation at a rate of $479.47 per week for this period. N.C.G.S. § 97-29; Jordan v. Central PiedmontCommunity College, 124 N.C. App. 112, 476 S.E.2d 410 (1996), discret.rev. denied, 345 N.C. 753, 485 S.E.2d 53 (1997).
4. Defendant is entitled to a credit in the amount of $17,781.64 for the short-term disability compensation benefits paid to plaintiff.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay for such reasonable and necessary treatment provided by Ann Earle, Dr. Lisa Jones, and Dr. Verne Shmickley required as a result of plaintiff's compensable injury by accident and resulting psychological problems, as this treatment was reasonably necessary and tended to effect a cure, give relief, or lessened the period of disability.
2. Subject to a credit in the amount of $17,781.64, defendant shall pay plaintiff at a rate of $479.47 per week for the period from 2 February 1998 through 3 May 1999 to compensate plaintiff for her total disability. This amount has accrued and shall be paid in a lump sum.
3. A reasonable attorney's fee in the amount of twenty-five percent of the compensation due plaintiff in paragraph 2 is approved for plaintiff's counsel.
4. Defendant shall pay the costs of this action.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/____________________ THOMAS JEFFERSON BOLCH COMMISSIONER
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER